**QUN WANG, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 05–70671.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 20, 2007.*

Filed Feb. 28, 2007.

Evan L. Murri, Esq., Law Offices of Evan L. Murri, Pomona, CA, for Petitioner.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Michael P. Lindemann, Esq., Lisa M. Arnold, Larry P. Cote, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

### MEMORANDUM **

Qun Wang, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") order denying of his motion to reconsider its previous order denying his motion to reopen based on ineffective assistance of counsel. We review the denial of a motion to reconsider for abuse of discretion, *see Lara–Torres v. Ashcroft,* 383 F.3d 968, 972 (9th Cir.2004), *amended by* 404 F.3d 1105 (9th Cir.2005), and we deny the petition for review.

The BIA did not abuse its discretion in determining that Wang failed to establish that he was prejudiced by his prior counsel's actions. *See Mohammed v. Gonzales,* 400 F.3d 785, 793 (9th Cir.2005) (to prevail on an ineffective assistance of counsel claim, the petitioner must demonstrate that counsel failed to perform with sufficient competence, and that petitioner was prejudiced by counsel's performance). Wang did not demonstrate that his prior attorney's failure to file a brief before the BIA may have affected the outcome of his claims for asylum, withholding, and relief under the Convention Against Torture. *See Iturribarria v. INS,* 321 F.3d 889, 899–900 (9th Cir.2003) (prejudice results when counsel's performance was so inadequate that it may have affected the outcome of the proceedings).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

